UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIN LEE KANTHOOK,

Plaintiff,

v.

KENNETH EARL KANTHOOK, *et al.*,

Defendants.
______________________________ /

Case No. 26-11954

F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 4) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Plaintiff Kristin Kanthook filed this action on June 8, 2026. ECF No. 1. She then filed an application to proceed without prepaying fees and costs. ECF No. 2. The court finds that application facially sufficient and **GRANTS** it. But for the reasons explained below, Kanthook's complaint is summarily **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

## I. ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C.

§ 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Kanthook's complaint, which is difficult to follow, does not comply with Rule 8. Across several different pages, it lists a host of various statutes (apparently that this action arises under), but provides no factual basis for those claims. *See* ECF No. 1, PageID.1, 5 (listing, for example: Freedom of Information Act, "Arbitration", Administrative Procedure Act, False Claims Act, Qui Tam, Banks and Banking Act, Home Owner Loan Act, RICO, Telephone Consumer Protection Act, and more). None of these are explained in any way, and so all are dismissed on the ground that she does not include facts sufficient to allow the court to draw the reasonable inference that any of the Defendants are liable under any of these specific claims.

With that said, as far as the complaint lists various factual allegations, those allegations are "fantastic or delusional" and are indisputably meritless. *See, e.g.*, ECF No. 1, PageID.6 (listing, for no discernable reason, various three-number codes with the note "canabillism" [sic] to the side); PageID.19 (again appearing to allege certain butcher shops sell human meat and are engaged in cannibalism); PageID.22 (appearing to allege that Walmart and Dairy Queen are connected with terrorism). The most comprehensible of Plaintiff's theories appears to allege some kind of racketeering scheme run by one of the Defendants, involving surrogate pregnancies and collecting social security payments after "killing" the infants. *Id.* at PageID.6. None of these claims rise to the required level of facial plausibility or offer sufficient detail to make out a claim.

So to the extent that Kanthook's complaint does contain factual allegations, those allegations are frivolous and are dismissed as such. To the extent any legitimate claim may be buried in her fantastic allegations, the factual bases of those claims are not readily discernable and do not comply with Rule 8 (requiring "a short and plain statement" that the claimant is entitled to relief), nor are they easily separable

from her frivolous and fantastic allegations. As a result, the Complaint fails to state a claim upon which relief can be granted.

## II. CONCLUSION

Plaintiff's complaint is thus **DISMISSED** for frivolousness and because it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). An order of judgment will follow.

**SO ORDERED.**

Dated: August 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge